UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br>　　　　　　　　　　Plaintiff,<br>v.<br>CHARTER FINANCIAL<br>PUBLISHING NETWORK, INC.,<br>　a Delaware corporation,<br>　　　　　　　　　　Defendant. | Case No.: 19-cv-897-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Default Judgment filed by Plaintiff Anton Ewing. (ECF No. 8).

## I.  BACKGROUND

On May 13, 2019, Plaintiff Anton Ewing, proceeding *pro se*, initiated this action by filing a Complaint against Defendant Charter Financial Publishing Network, Inc. ("Charter") (ECF No. 1). In the Complaint, Ewing alleges that he registered his home phone number on www.donotcall.gov (the "DNC List") on September 14, 2016. Ewing alleges that, on May 10, 2019, he received a fax to his home phone number. Ewing alleges that the fax was sent "without permission and devoid of a pre-existing business relationship." (*Id.* ¶ 1). The fax did not identify the phone number from which it was sent, but Ewing "believes the fax came from 732-559-7808." (*Id.* ¶ 5).

Ewing attaches a copy of the fax to the Complaint. The fax states that it is "From: FA." The fax states, "Don't miss a single FREE issue of FA magazine! Renew today! Fax to 732-559-7808." The fax lists Ewing's name, his "company," his address, and an

"account #." (ECF No. 1, Exhibit A at 18). Ewing alleges that he has not used the address listed on the fax since 2009. Ewing alleges that Charter is a "retailer of FA Magazine." (*Id.* ¶ 8). Ewing alleges that Charter "initiated" the fax to Ewing "through their dba's and agents." (*Id.* ¶ 10). Ewing alleges that Charter "placed repeated automated telephone calls to Plaintiff Ewing's phone . . . from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated junk faxes to Plaintiff Ewing on May 10, 2019." (*Id.* ¶ 16).

Ewing brings claims against Charter for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(1)(B), (b)(1)(C), and (c). Ewing seeks damages in the amount of 1) $500 "plus threefold damages for intentional or willful violation of the Do-Not-Call Registry for each and every fax;" 2) $1,500 for each violation of 16 C.F.R. § 610.4(b)(iii)(B) for initiating a call to a DNC List number; 3) $1,500 for each violation of 47 C.F.R. § 64.1601(3) for "caller ID spoofing;" 4) $1,500 for each violation of 47 C.F.R. § 64.1200(d)(1) for failure to provide a copy of a "written do not call policy;" 5) $1,500 for each violation of 47 C.F.R. § 64.1200(b)(1) for "failure to state name of business at beginning of call;" 6) $1,500 for each violation of 47 U.S.C. § 227(b)(1) for "using an ATDS;" and 7) $1,500 for each violation of 47 U.S.C. § 227(c) for calling a phone number on the DNC List. Ewing also seeks a declaration that Charter's actions violated the TCPA, an injunction prohibiting Charter from contacting Ewing, and "any other relief that the Court deems just and proper." (*Id.* at 15-16).

On May 14, 2019, Ewing served Charter through Charter's managing agent, Lynanne Gares, in Wilmington, Delaware. (ECF No. 3 at 2). On June 5, 2019, Ewing filed an Application for Entry of Default against Charter. (ECF No. 4). On June 10, 2019, the Clerk of Court entered Charter's default. (ECF No. 5). On August 20, 2019, the Court ordered Ewing to show cause as to why the Complaint should not be dismissed due to Ewing's failure to file a motion for default judgment within 30 days of the entry of default. ECF No. 6; Fed. R. Civ. P 55(b). Ewing did not respond to the Order to Show Cause but filed a Motion for Default Judgment on September 9, 2019. Ewing moves the Court for a

default judgment of $6,000 against Ewing and injunctive relief prohibiting Ewing from contacting Plaintiff. (ECF No. 8 at 5).

## II. DISCUSSION

Federal Rule of Civil Procedure 55(a) requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(b)(2) provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). The Ninth Circuit Court of Appeals has instructed courts to consider the following factors when determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tulli*, 172 F.3d 707, 712 (1999). The court should "determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place." *Id.* "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc., Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

California's long-arm statute is coextensive with federal due process requirements. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2012). Absent traditional bases for personal jurisdiction—physical presence, domicile, or consent—the Due Process Clause of the Fourteenth Amendment requires the nonresident have "minimum contacts" with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

General jurisdiction refers to the authority of a court to exercise personal jurisdiction over a defendant even where the cause of action is unrelated to the defendant's contacts with the forum. *Id.* at 408. To exercise general jurisdiction over a non-resident defendant, the defendant must have "continuous and systematic" contacts that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (quotation omitted). Specific jurisdiction refers to the authority of the court to exercise jurisdiction when a suit arises out of or is related to the defendant's contacts with the forum. The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Menken v. Emm,* 503 F.3d 1050, 1057 (9th Cir. 2007).

In this case, Ewing has demonstrated that Charter was served with the Summons and Complaint. (ECF No. 3 at 2). The Clerk of Court has entered default against Charter. (ECF No. 4).

Regarding the Court's personal jurisdiction over Charter, Ewing alleges that Charter is a Delaware corporation "unlawfully doing business in California . . . ." (ECF No. 1 ¶ 8). Ewing alleges that Charter "made illegal spam and robocalls to Mr. Ewing, while he was in California." Ewing alleges that "Charter has also subjected themselves to personal jurisdiction in California because they are running and abetting [a] criminal operation." (*Id.* ¶ 10). These conclusory allegations are insufficient to establish that Charter has "continuous and systematic contacts" with California such that the Court could exercise general jurisdiction over Charter. *Schwarzenegger*, 374 F.3d at 801. *See Dole Food Co.*, 303 F.3d at 1108 (the plaintiff's written materials must make a prima facie showing of jurisdictional *facts*).

The violations of the TCPA alleged by Ewing arise out of Ewing receiving an unwanted fax. Ewing alleges that the fax "failed to include the phone number from which the fax was sent . . . ." (ECF No. 1 ¶ 5). The fax states that it is from "FA." Ewing's allegations fail to show how a fax from "FA" imposes liability on Charter. Ewing's allegation that Charter is "a retailer of FA magazine" is insufficient to show Charter is responsible for sending or causing the unwanted fax to be sent to Ewing. Ewing fails to state facts from which the Court can infer that Charter "purposefully avails [itself] of the privilege of conducting activities" in California or that Ewing's claim "arises out of or relates to" Charter's activities in California such that the Court could exercise specific jurisdiction over Charter. *Menken,* 503 F.3d at 1057. Taking Ewing's non-conclusory facts as true, the Court cannot infer that it has personal jurisdiction over Charter.

Even assuming the Court has personal jurisdiction over Charter, the merits of Ewing's substantive claim and insufficiency of the Complaint weigh against entering default judgment against Charter. *Eitel*, 782 F.2d at 1471-72. The same deficiencies that preclude the Court from concluding it has personal jurisdiction over Charter preclude the

5

19-cv-897-WQH-AGS

Court from inferring that Charter violated the TCPA. 47 U.S.C. § 227 makes it unlawful to fax an unsolicited advertisement or to initiate a telephone call using an artificial or pre-recorded voice without the consent of the called party. 47 U.S.C. §§ 227(b)(1)(B) and (b)(1)(C). Ewing fails to state facts from which the Court can infer Charter is responsible for sending or causing the unwanted fax to be sent to Ewing. Ewing alleges that Charter "placed repeated automated telephone calls to Plaintiff Ewing's phone," (ECF No. 1 ¶ 16), but Ewing does not state facts that support this conclusory allegation. The Court has "serious reservations about the merits of [Ewing's] substantive claim, based upon the pleadings." *Eitel*, 782 F.2d at 1472. Ewing is not entitled to default judgment.

### III.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Application for Default Judgment (ECF No. 8) is DENIED WITHOUT PREJUDICE. Any amended motion for default judgment shall address the Court's jurisdiction over Defendant Charter. Any amended motion for default judgment must be filed within 30 days of this Order.

Dated:  October 28, 2019

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court